**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**STANLEY HUNT,
ADC #156426**                                                                                              **PLAINTIFF**

**V.**                         **CASE NO. 4:16-CV-175-KGB-BD**

**JOHN RANDALL, et al.**                                                                            **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.   Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge Kristine G. Baker. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection. Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. In addition, by not objecting, you may be waiving your right to appeal questions of fact.

**II.  Discussion:**

Stanley Ray Hunt, an Arkansas Department of Correction inmate previously held at the Faulkner County Detention Center ("Detention Center"), filed this lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Docket entry #2) The Court is required to review the complaint before it is served on the Defendants to determine whether Mr. Hunt has stated a federal claim for relief. 28 U.S.C. § 1915A.

In his Complaint, Mr. Hunt alleges that he was attacked in November of 2013, by a fellow inmate while both were detained at the Detention Center.  He claims that Defendants Randall, Lasker, and Huffman violated his constitutionally protected rights by failing to protect him from that attack.  Mr. Hunt asserted claims based on this same attack in a civil lawsuit he filed in 2013.  See *Hunt v. Cones*, E.D. Ark. Case No. 4:13cv740 BSM/JJV ("*Hunt I*").

The generally law prohibits parties from re-litigating claims that were litigated, or could have been litigated, in a prior lawsuit.  The doctrine of claim preclusion bars a second lawsuit if: (1) the first suit resulted in a final judgment on the merits; (2) the court in the first suit had jurisdiction; (3) both lawsuits involve the same parties; and (4) both lawsuits arise out of the same incident or set of operative facts.  *In re Anderberg–Lund Printing Co.*, 109 F.3d 1343, 1346 (8th Cir. 1997).  The prior judgment is binding on both claims that were actually litigated and also on claims arising out of the incident.  *United States v. Gurley*, 43 F.3d 1188, 1195 (8th Cir. 1994) (quoting *Lane v. Peterson*, 899 F.2d 737, 741 (8th Cir. 1990)).  That is exactly the situation here.

The claims in this case plainly arise out of the same incident that gave rise to his 2013 lawsuit, as evidenced by the virtually identical statement of facts in both cases. *Hunt I* resulted in a final judgment on the merits, and there is no question that the court had jurisdiction to hear the claims in *Hunt I*.  See *Hubbard v. Federated Mut. Ins. Co.*,

799 F.3d 1224 (8th Cir. 2015).  The Plaintiff is the same in both suits, as are the Defendants.

**III.   Conclusion:**

The claims Mr. Hunt raises in this lawsuit are barred by claim preclusion.  For that reason, the Court recommends that Mr. Hunt's claims be DISMISSED, with prejudice.  The Court also recommends that this dismissal constitute a "strike" under 28 U.S.C. § 1915(g) and that Judge Baker certify that an *in forma pauperis* appeal of this dismissal would be frivolous and not taken in good faith.

DATED this 7th day of April, 2016.

_____
UNITED STATES MAGISTRATE JUDGE